United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PAUL GREENFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN SECURITY INSURANCE COMPANY,<br><br>        Defendant. | Case No. 25-cv-03416-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 6 |

**INTRODUCTION**

The plaintiff has a secured interest in a residential property that was damaged in a fire. Wells Fargo assigned that interest to him. The defendant insurer paid Wells Fargo for the cost of the damage, but there was a dispute as to whether Wells Fargo paid the correct amount. After receiving the assignment, the plaintiff filed an action claiming a bad-faith denial of insurance benefits. The defendant moved to dismiss for failure to state a claim.

The court grants the motion to dismiss with leave to amend because the claim is time-barred by the insurance policy, and the complaint does not plausibly allege equitable tolling.

# STATEMENT

## 1. Factual Background

The plaintiff Paul Greenfield filed this action as an assignee of Wells Fargo's secured interest in a vacant residential property located at 224 Sea Cliff Avenue in San Francisco, California.[1] In July 2021, the defendant American Security Insurance Company issued a Residential Dwelling Insurance Certificate for Wells Fargo covering the property from July 18, 2021, to July 18, 2022.[2] The Certificate identified Brugnara Properties as the borrower on the loan.[3] The Certificate states: "**Actions Against Us.** No action can be brought unless the Certificate provisions have been complied with and the action is started within two years after the date of loss."[4] Under the Certificate, American Security "shall pay no more than the named insured's interest in the property at the time of the loss."[5] Wells Fargo's interest is represented by the loan balance, which is limited to only the unpaid loan balance plus earned interest as of the date of loss.[6]

On July 15, 2022, a partial fire caused damage to the property, and the damage was reported to the defendant on July 20, 2022.[7] Wells Fargo filed an insurance claim for the damage on July 20, 2022.[8] On January 6, 2023, the defendant paid Wells Fargo $402,190.53 in accordance with a repair estimate prepared by an independent insurance adjuster.[9] Wells Fargo requested additional payment, and American Security refused.[10]

In May 2023, PSG Mortgage Lending Corp., a subsequent owner of the property, filed a petition for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the Northern

---

[1] Compl. – ECF No. 1-1 at 17–18 (¶¶ 1, 6). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 18 (¶ 6); Decls. & Certificate, Ex. A to Laurence Decl. – ECF No. 6-2 at 12–13.

[3] Decls., Ex. A to Laurence Decl. – ECF No. 6-2 at 12.

[4] Certificate, Ex. A to Laurence Decl. – ECF No. 6-2 at 24.

[5] *Id.* at 18.

[6] *Id.* at 14, 18.

[7] Compl. – ECF No. 1-1 at 18 (¶ 7); Loss Notice, Ex. C to Laurence Decl. – ECF No. 12-1 at 4.

[8] Loss Notice & Letter, Exs. C–D to Laurence Decl. – ECF No. 12-1 at 4, 6.

[9] Letter, Ex. D to *id.* – ECF No. 12-1 at 6–7; Assignment, Ex. A to Laurence Decl. – ECF No. 6-2 at 9.

[10] Compl. – ECF No. 1-1 at 18 (¶¶ 10–11).

1  District of California. The Bankruptcy Court granted the motion of PSG to sell the property free

2  and clear of all liens and interests.[11] The property was sold on February 5, 2024, and as a senior

3  lienholder, Wells Fargo received $5,915,815.03 from the sale proceeds. The other lienholders,

4  including the plaintiff, did not receive any payments from the sale of the property.[12]

5  Wells Fargo assigned rights under the Certificate to the plaintiff in December 2024. In the

6  assignment, Wells Fargo disclaimed any representations or warranties regarding the nature, extent, or

7  value of those rights, including the recoverability of additional sums from American Security.[13] The

8  plaintiff filed their complaint claiming bad-faith denial of insurance coverage on January 6, 2025.[14]

### 2. Procedural History

The plaintiff filed the complaint in state court, and the defendant removed it to this court.[15] The court has diversity jurisdiction under 28 U.S.C. § 1332.[16] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[17] The court can decide the motion without oral argument. Civil L.R. 7-1(b).

### LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

---

[11] Debtor's Stip., Ex. A to Laurence Decl. – ECF No. 6-2 at 3.

[12] *Id.* at 3–4.

[13] Assignment, Ex. A to Laurence Decl. – ECF No. 6-2 at 9–10.

[14] Compl. – ECF No. 1-1 at 17–20.

[15] Notice of Removal – ECF No. 1.

[16] *Id.*

[17] Consents – ECF Nos. 9, 10.

United States District Court
Northern District of California

1    A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) ("[O]nly the *claim* needs to be plausible, and not the facts themselves . . . ."); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff" (cleaned up)).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

 If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

**ANALYSIS**

The issue is whether the plaintiff's action is time-barred by the Certificate. It is. The complaint does not plausibly allege facts or evidence supporting equitable tolling, so the court dismisses the complaint with leave to amend.

### 1. The Certificate

As a threshold matter, the court must determine if it can consider a document outside the pleadings: the Certificate. When considering a motion under Rule 12(b)(6), courts can consider documents on which the complaint necessarily relies if their authenticity is not contested. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Here, the complaint alleges a bad-faith denial of insurance benefits based on the Certificate. American Security provided a copy of the Certificate, and Mr. Greenfield did not dispute its authenticity.[18] Thus, the court may consider it.

### 2. The Plaintiff's Claim is Time-Barred by the Certificate

The issue is whether the action is time-barred. On its face, the Certificate bars the claims. The defendant contends that the Certificate is governed by a two-year limitation period, and the plaintiff filed his action two and a half years after the loss. The defendant further argues that the plaintiff's equitable-tolling argument cannot salvage the action.[19] The plaintiff argues that the Certificate is ambiguous, the two-year limitation does not apply due to the defendant's bad-faith conduct, and the limitation was equitably tolled.[20] The two-year limitation applies, and on this record, equitable tolling does not save the action.

"Insurance policies may contain contractual limitations clauses limiting the insured's right to sue the insurer to enforce the policy to a period shorter than the statute of limitations." *Mann v. Mut. of Omaha*, No. 2:16-02560 WBS CMK, 2017 WL 531403, at *2 (E.D. Cal. Feb. 9, 2017) (citing *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 106–08 (2013)). A motion to dismiss based on time-barred claims is appropriate "where the expiration of the limitations period for the claim is apparent on the face of the complaint or in documents outside the pleadings that

---

[18] Compl. – ECF No. 1-1 at 19 (¶¶ 12–19); Mot. – ECF No. 6 at 10–11; Reply – ECF No. 12 at 6–7.
[19] Mot. – ECF No. 6 at 11–14; Reply – ECF No. 12 at 7–14.
[20] Opp'n – ECF No. 11 at 3–5.

the Court is willing to consider." *Jarrahi v. Foremost Ins. Co. Grand Rapids*, No. LA CV20-03240 JAK (AGRx), 2021 WL 10132495, at *4 (C.D. Cal. Feb. 9, 2021) (cleaned up).

First, the Certificate is not ambiguous. It states, "No action can be brought unless . . . the action is started within two years after the date of loss."[21] The loss occurred on July 15, 2022.[22] The action started on January 6, 2025.[23] A legal action in the form of a complaint disputing a payment stemming from the Certificate is an "action" within the scope of the provision. The defendant cites California case law supporting the absence of ambiguity in similar provisions.[24] *See Traynor v. Lexington Ins. Co.*, No. 2:09-CV-02990-FMC-SSx, 2009 WL 10675394, at *3 (C.D. Cal. June 8, 2009).

Second, the plaintiff's bad-faith claim does not render the limitations clause inapplicable.[25] The plaintiff cites *Jang v. State Farm Fire & Case Co.* to argue that the denial of additional payments after an original payment can be done in bad-faith and render the contractual limitation period inapplicable.[26] 80 Cal. App. 4th 1291 (2000). The defendant replies by citing *Velasquez v. Truck Ins. Exchange*, to argue that bad-faith allegations relating to the handling of a claim or the manner in which it is processed is on the policy and therefore subject to the contractual limitations.[27] 1 Cal. App. 4th 712 (1991). But the plaintiff fails to provide direct evidence of bad-faith conduct by the defendant in its denial. Besides conclusory allegations that the defendant "unreasonably rejected Wells Fargo's subsequent demands for additional payment," there is no evidence provided that the defendant acted in bad-faith when denying further payment.[28] The contractual time limitations apply.

---

[21] Certificate, Ex. A to Laurence Decl. – ECF No. 6-2 at 24.

[22] Mot. – ECF No. 6 at 6.

[23] Compl. – ECF No. 1-1 at 20.

[24] Reply – ECF No. 12 at 10–11.

[25] Opp'n – ECF No. 11 at 3–4.

[26] *Id.* at 4.

[27] Reply – ECF No. 12 at 11–12.

[28] Opp'n – ECF No. 11 at 4.

Third, even if equitable tolling applied from the time the claim was made on July 20, 2022, to the time the claim was paid on January 6, 2023, the complaint is still untimely according to the Certificate.[29] The loss occurred on July 15, 2022, and the claim was made five days later. The complaint was filed on January 6, 2025 — exactly two years after the claim was paid. Assuming that the temporal provision was tolled from the time Wells Fargo made the claim to the time the defendant paid the claim, the action would still be two years and five days after the loss occurred.[30] Therefore, even if the court found there was equitable tolling for the defendant's time spent determining the extent of coverage, the temporal restriction in the Certificate would still time-bar the complaint.

The plaintiff's remaining arguments are moot. If the plaintiff amends his complaint to address the timeliness issue, the court will address additional arguments in the amended complaint.

## CONCLUSION

The action is time-barred by the Certificate but leave to amend is not futile because there may be facts supporting equitable tolling. Thus, the complaint is dismissed with leave to amend. The plaintiff may file an amended complaint within thirty days of this order. If the plaintiff amends, he must file a blackline comparison of the amended and original complaints.

**IT IS SO ORDERED.**

Dated: June 2, 2025

LAUREL BEELER
United States Magistrate Judge

---

[29] *Id.* at 4–5.

[30] Reply – ECF No. 12 at 10.